Pittsburgh *v.* Insurance Department of Pennsylvania et al., Appellants.

Argued May 23, 1972. Before Jones, C. J., Eagen, O'Brien, Roberts, Pomeroy and Nix, JJ.

*Charles D. Cowley,* Assistant Attorney General, with him *Gerald Gornish,* Deputy Attorney General, and *J. Shane Creamer,* Attorney General, for appellant.

*Eugene B. Strassburger, III,* Executive Assistant City Solicitor, with him *Thomas M. Rutter, Jr.,* Assistant County Solicitor, *Francis A. Barry,* County Solicitor, and *Ralph Lynch, Jr.,* City Solicitor, for appellees.

*Edward L. Springer,* with him *Springer & Perry,* for intervening appellee.

Opinion by Mr. Justice Roberts, September 22, 1972:

Appellants, the Insurance Commissioner of Pennsylvania and intervenor Blue Cross of Western Pennsylvania,[1] seek reversal of an order of the Commonwealth Court[2] directing the Insurance Commissioner to hold a hearing subject to the requirements of the Administrative Agency Law[3] concerning a proposed rate filing by Blue Cross[4] and to permit appellees, the City of Pittsburgh and the County of Allegheny, to cross-examine witnesses at such hearing.[5] We need not reach the question, resolved by the Commonwealth Court, whether the approval of rates by the Insurance Commissioner pursuant to the Nonprofit Hospital Plan Act[6] is an "adjudication" for purposes of the Administrative Agency Law requiring a trial type hearing.[7] Instead, we hold contrary to the Commonwealth Court, that appellees the City of Pittsburgh and the County of Allegheny have no standing to challenge the procedures followed by the Insurance Department in approving or rejecting the rate filing submitted by Blue Cross.

---

[1] Hereinafter referred to as Blue Cross.

[2] *Pittsburgh v. Insurance Commissioner*, 4 Pa. Commonwealth Ct. 262, 286 A. 2d 475 (1971).

[3] Act of June 4, 1945, P. L. 1388, §§1 et seq., 71 P.S. §§1710.1 et seq.

[4] The rate filing consisted of a request for a rate increase of roughly 12.2% for 21-90 and standards subscription hospital agreements.

[5] Because appellees did not request a supersedeas from the Commonwealth Court, the rates approved by the Commissioner have been in effect since November 1, 1970. The Commonwealth Court therefore ordered that the rates remain in effect pending the rehearing ordered by that court. *Pittsburgh v. Commissioner*, 4 Pa. Commonwealth Ct. 262, 286 A. 2d 475 (1971).

[6] Act of June 21, 1937, P. L. 1948, §§1 et seq., 40 P.S. §§1401 et seq.

[7] Act of June 4, 1945, P. L. 1388, §§31-36, 71 P.S. §§1710.31-36.

We therefore reverse the order of the Commonwealth Court.

Blue Cross filed a request on April 3, 1969, with the Insurance Commissioner for approval of an increase of rates charged to its subscribers in twenty-nine counties in Western Pennsylvania. The Insurance Commissioner then announced that a public informational hearing would be held to disclose the basis for the rate filing to interested persons and organizations and to provide such persons and organizations an opportunity to submit relevant information for consideration by the Insurance Department concerning the proposed rate filing.

At the hearing held on May 28 and May 29, 1969, the Insurance Commissioner announced that cross-examination of witnesses could be conducted only by the members of the Insurance Department. The City of Pittsburgh and the County of Allegheny objected to this limitation.[8] Their objections were overruled. After the hearings and the submission of additional data by Blue Cross, the Insurance Commissioner approved the rate filing on July 13, 1970. The rates were to go into effect on November 1, 1970.[9]

The Nonprofit Hospital Plan Act under which Blue Cross filed its application provides: "The rates charged to subscribers by nonprofit corporations, subject to the provisions of this act . . . shall, at all times, be subject to the prior approval of the Insurance Department. . . . If any such *application* is not approved by the department, notice thereof shall forthwith be served on

---

[8] The objections were based both on the grounds that this proceeding was an "adjudication" for purposes of the Administrative Agency Law requiring a trial type hearing and in the alternative that due process required a trial type hearing in these circumstances.

[9] See note 5, supra.

the *applicant,* either personally or by mail. Within thirty days from the date of such notice, the *applicant* may apply to the court of common pleas of Dauphin County by petition and a rule to show cause why the action of the department should not be set aside, and the application approved." Act of June 21, 1937, P. L. 1948, §4, 40 P.S. §1404 (emphasis added).[10]

The statute in no way requires the Insurance Commissioner to hold a trial type hearing before approving or rejecting the proposed rate filing. Nevertheless it was clearly within the powers of the Insurance Commissioner to hold a public informational hearing. It follows that the Insurance Commissioner was fully authorized to refrain from conducting an adversary trial type hearing by limiting the right of cross-examination to members of the Insurance Department. Furthermore, the Legislature has expressly limited participation in the procedures provided for the approval of rates to the "applicant" for the rate filing (here Blue Cross).

The Legislature provided that *only applicants* for rate approvals participate in the proceedings before the Insurance Department and *only applicants* can secure judicial review of the Insurance Department's rejection of the rate filing in the Commonwealth Court. Act of June 21, 1937, P. L. 1948, §4, 40 P.S. §1404.

The City of Pittsburgh and the County of Allegheny nevertheless contend that as consumers and representatives of consumers[11] they have standing to challenge the

---

[10] The portion of section 1404 which provides for judicial review of the Insurance Commissioner's determination in the Court of Common Pleas of Dauphin County has been repealed by the Appellate Court Jurisdiction Act, Act of July 31, 1970, P. L. 673, §508(a)(59), 17 P.S. §211.508(a)(59) which transfers the jurisdiction in question to the Commonwealth Court.

[11] Appellees base their claims of standing both on the fact that they represent individual subscribers to Blue Cross and that the

proceedings conducted by the Insurance Commissioner. Appellees have presented no legal basis or authority for disregarding the express mandate of the Legislature to limit participation in these proceedings to the "applicant" nor are we empowered to ignore this command of the Legislature. Furthermore, we are completely unpersuaded by appellees' assertions that they have the requisite interest in the Department's statutory consideration of Blue Cross' rate filing to afford them legal standing to participate in that process and to cross-examine witnesses. See *Man O' War Racing Assoc., Inc. v. State Horse Racing Commission*, 433 Pa. 432, 441-44, 250 A. 2d 172, 176-78 (1969); *Louden Hill Farm, Inc. v. Milk Control Commission*, 420 Pa. 548, 217 A. 2d 735 (1966); *G.S.F. Corporation v. Milk Marketing Board*, 4 Pa. Commonwealth Ct. 230, 284 A. 2d 924 (1971).

We are satisfied that the Nonprofit Hospital Plan Act does not accord appellees the rights which they sought to exercise at the informational hearing conducted by the Insurance Department. Accordingly, the order of the Commonwealth Court is reversed.

Mr. Justice EAGEN concurs in the result.

Mr. Justice MANDERINO took no part in the consideration or decision of this case.

---

CONCURRING OPINION BY MR. JUSTICE POMEROY:

While I agree completely with the result reached by the Court, my approach to the problem differs slightly, and I add this word of explanation.

The Administrative Agency Law, Act of June 4, 1945, P. L. 1388, §1 et seq., 71 P.S. §1710.1 et seq., de-

---

City of Pittsburgh itself is a "consumer" of Blue Cross services by contributing $350,000 per year to the Blue Cross coverage of its employees as required by its employment contract.

fines as a "party" in an administrative proceeding "any person who appears in a proceeding before an agency who has a direct interest in the subject matter of such proceeding." 71 P.S. §1710.2(c). The majority correctly reads this definition, albeit implicitly, as not necessarily granting to all persons who claim to have a direct interest in the subject matter of the proceeding a *right* to appear before the administrative agency. Instead, the majority refers to the provisions of the Nonprofit Hospital Plan Act, Act of June 21, 1937, P. L. 1948, §1 et seq., 40 P.S. §1401 et seq., to determine what persons or institutions have the right under our law to appear in the "proceedings" questioned here, an application by Blue Cross to the Insurance Department for approval of a medical and hospital insurance rate increase. Under §4 of that Act, 40 P.S. §1404, as the Court holds, only the *applicant* (i.e., Blue Cross) has the right to appear before the Insurance Commissioner.

The Administrative Agency Law grants to "parties" certain procedural rights before agencies which are subject to that statute, including the right to reasonable notice and an opportunity to be heard, the right to cross-examine, the right to submit and argue briefs. Appellants here, however, were not "parties" and, as indicated above, were not entitled to be "parties". Therefore, none of these procedural requirements can be claimed by them, and for that reason the decision by the Commonwealth Court here appealed was in error. I would not, however, as does the majority, state this conclusion in terms of lack of "standing". In my view it can be more clearly stated as follows: appellants have no right to the procedural due process provisions of the Administrative Agency Law because they have no right to be parties in the proceedings questioned.

474

Under §41 of the Administrative Agency Law, 71 P.S. §1710.41, "any person aggrieved [by an agency's adjudication] who has a direct interest in such adjudication shall have the *right* to appeal therefrom." (Emphasis added). In this provision the legislature has not used the word "party" to describe a person who has the right to appeal, but rather has adopted the broader phrase "any person aggrieved." Whether or not appellants here are such persons for the purpose of appealing the decision of the Insurance Commissioner is not presented by this appeal, and whether, indeed, the decision of the Insurance Commissioner is an "adjudication" as that term is defined by Sec. 2(a) of the Administrative Agency Law, 71 P.S. §1710.2(a), need not be decided in light of the holding that appellees were not, in any event, "parties". I do not understand the majority opinion to be decisive of either of those questions.

Mr. Chief Justice JONES joins in this concurring opinion.