Insurance Company of North America, Appellant,
*v.* Commonwealth of Pennsylvania, Insurance Department, Appellee.

Argued September 4, 1974, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*William B. Pugh, Jr.,* Assistant General Counsel, with him *Howard B. Nathans,* Attorney, for appellant.

*Gerald Gornish,* Deputy Attorney General, with him *Elaine M. Lytle,* Assistant Attorney General, and *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., October 31, 1974:

Before us is a motion by the Insurance Department of the Commonwealth of Pennsylvania (Insurance Department) to quash an appeal taken by the Insurance Company of North America (INA) from the promulga-

tion of Regulation 31 and an amendment to Regulation 8 by the Insurance Department on January 9, 1974. These regulations were filed with the Legislative Reference Bureau and published in the Pennsylvania Bulletin on January 19, 1974, 4 Pa. B. 87-90, 4 Pa. B. 90-91, and have subsequently been codified at 31 Pa. Code §112.1-.12 and 31 Pa. Code §91.8, respectively. Regulation 31 essentially establishes standards and subjects to regulation the issuance of insurance policies covering personal property pledged by debtors as collateral to secure a loan or personal property purchased in credit transactions. The amendment to Regulation 8, entitled "Nation-Wide Marine Definition," deleted, with certain exceptions, insurance on installment sales and leased property from the definition, thus bringing these policies within the regulatory authority of the Insurance Department. In appealing to this Court, INA contends that the adoption of these regulations constitutes an abuse of administrative power. The Insurance Department has moved to quash the appeal on the grounds that the promulgation of the regulations is not an appealable adjudication, that INA lacks standing to appeal, and that INA has failed to exhaust adequate administrative remedies available to it. Our disposition of the first basis for quashal obviates the necessity of continued pursuit and disposition of the other contentions.

INA predicates its appeal to this Court from the promulgation of the regulations and the dismissal of its objections thereto solely upon Section 41 of the Administrative Agency Law, Act of June 4, 1945, P. L. 1388, *as amended*, 71 P.S. §1710.41, which reads in pertinent part as follows: "Within thirty days after the service of an *adjudication* . . . any person aggrieved thereby who has a direct interest in such *adjudication* shall have the right to appeal therefrom . . . ." (Emphasis added.)

Section 508(a)(71) of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P. L. 673, *as amended*, 17 P.S. §211.508(a)(71), vests jurisdiction in such appeals in this Court, and the Insurance Department is specifically enumerated by Section 51(a)(3) of the Administrative Agency Law, 71 P.S. §1710.51(a)(3), as an agency whose *adjudications* are subject to this Court's appellate review. Thus, the singular issue which we must decide in disposing of this appeal is whether the promulgation of the instant regulations and the dismissal of INA's objections thereto amounted to an "adjudication" within the meaning of Section 41 of the Administrative Agency Law, 71 P.S. §1710.41.

Our inquiry in this regard is controlled by the definition of "adjudication" contained in Section 2(a) of the Administrative Agency Law, 71 P.S. §1710.2(a),[1] which provides as follows: " 'Adjudication' means any final order, decree, decision, determination, or ruling by an agency affecting personal or property rights, privileges, immunities or obligations of any or all of the parties to the proceeding in which the adjudication is made, but shall not mean any final order, decree, decision, determination or ruling based upon a proceeding before a court, or which involves the seizure or forfeiture of property, or which involves paroles, pardons or releases from mental institutions."

INA contends that the promulgation of the instant regulations is a "determination" or "ruling" by the Insurance Department which affects its property rights and obligations, and is therefore an appealable "adjudication." It is clear, however, that the "determination" or "ruling" referred to in Section 2(a) speaks of ad-

---

[1] As amended by the Act of July 31, 1963, P. L. 425, 71 P.S. §1710.2(a). As far as relevant to this appeal, the amendment to Section 2(a) reenacts the prior definition of "adjudication" contained in the 1945 Act, but adds to the enumerated exclusions from the definition "releases from mental institutions."

ministrative action which is quasi-judicial in nature, and which determines only the personal or property rights or obligations of the parties before an agency in a particular proceeding. Contrasted with this is the quasi-legislative function an administrative agency performs in promulgating rules or regulations of *general application* to persons throughout the Commonwealth, and the exercise of which, in the absence of a specific statute vesting jurisdiction in a particular court,[2] is not appealable. *Man O'War Racing Association, Inc. v. State Horse Racing Commission,* 433 Pa. 432, 250 A. 2d 172 (1969); *Pittsburgh v. Insurance Commissioner,* 4 Pa. Commonwealth Ct. 262, 286 A. 2d 475 (1971), *rev'd on other grounds,* 448 Pa. 466, 294 A. 2d 892 (1972).

This functional dichotomy is recognized by the definition of "regulation" contained in Section 2(e) of the Administrative Agency Law, 1710.2(e), which provides that: " 'Regulation' means any rule, regulation or order in the nature of a rule or regulation, of general application and future effect, promulgated by an agency under statutory authority in the administration of any statute administered by or relating to the agency, or prescribing the practice or procedure before such agency." No right of appeal is provided under the Administrative Agency Law from the mere promulgation of a regulation. Given the admitted general applicability and future effect of the instant regulations, it is clear that both fall within the definition of "regulation" under Section 2(e), and accordingly no right of appeal

---

[2] *See e.g.,* Section 46 of the Milk Marketing Law, Act of July 30, 1968, P. L. 963, 31 P.S. §700j-901 (Supp. 1974-1975). This provision makes the promulgation of certain regulations fixing the price of milk tantamount to an adjudication which may be directly appealed to this Court by an aggrieved party. *G.S.F. Corp. v. Milk Marketing Board,* 4 Pa. Commonwealth Ct. 230, 184 A. 2d 924 (1971).

to this Court lies under Section 41 of the Administrative Agency Law at this time. Nor does the failure of the Administrative Agency Law to either grant or negate a right of appeal from the promulgation of an administration regulation give this Court jurisdiction of an appeal by way of broad certiorari. "[T]he precondition to review by certiorari is that the order or action of the agency, board, or commission must be judicial in nature and final." *Manheim Township School District v. State Board of Education,* 1 Pa. Commonwealth Ct. 627, 632, 276 A. 2d 561, 564 (1971). *See also, LaCamera v. Board of Probation and Parole,* 13 Pa. Commonwealth Ct. 85, 317 A. 2d 925 (1974).[3] As our prior discussion has indicated, the promulgation of the instant regulations and the administrative dismissal of INA's objections thereto are not acts of a judicial character, and therefore no appeal lies therefrom.

We therefore issue the following

### ORDER

AND Now, October 31, 1974, the motion to quash the above appeal is hereby granted. The appeal of the Insurance Company of North America is quashed.

---

[3] This writer dissented in *Manheim Township School District v. State Board of Education, supra,* and *LaCamera v. Board of Probation and Parole, supra,* upon the belief that the administrative actions there involved *immediately* affected the personal and property rights of the appellants, and thus they had a right of appeal under Article V, Section 9 of the Constitution of Pennsylvania adopted in 1968. The promulgation of the instant regulations do not have this immediate effect upon the personal or property rights of INA, and INA will have future appellate recourse when the regulations are specifically enforced against it.