George Wagonhoffer et al. *v.* Philadelphia Board of License and Inspection Review and Louis J. Gagliardi. William McDowell, Appellant.

Argued April 7, 1978, before Judges WILKINSON, JR., BLATT and DISALLE, sitting as a panel of three.

*William McDowell,* with him *Stephen P. Ulan,* for appellant.

*Agostino Cammisa,* Assistant City Solicitor, with him *James M. Penny, Jr.,* Deputy City Solicitor, *Stephen Arinson,* Chief Deputy City Solicitor, and *Sheldon L. Albert,* City Solicitor, for appellee.

OPINION BY JUDGE DISALLE, May 22, 1978:

This is an appeal from a decision of the Court of Common Pleas of Philadelphia County dismissing the complaint in mandamus brought by George Wagonhoffer (Appellant) against the Philadelphia Board of License and Inspection Review (Board). The lower court sustained the preliminary objections filed by the Board to Appellant's complaint, holding that mandamus did not lie where statutory remedies were available to Appellant.

On October 17, 1974, the Philadelphia Department of Licenses and Inspections (Department) inspected

the premises leased by Appellant and designated them as "Unfit for Human Habitation." On October 9, 1975, the Department lifted the "Unfit for Human Habitation" designation. The Appellant, contending that the Department erred in its determination, appealed to the Board on December 8, 1975. The Board notified Appellant by letter on January 6, 1976, that his appeal had been rejected because it had not been perfected within 30 days from the date of the Department's decision on October 9, 1975.

Appellant thereupon filed this mandamus action requesting that the Court of Common Pleas order the Board to conduct a hearing. He argued there as he does here that the 30 day period should have run from November 6, 1975, which was the date the notice of the Department's decision was mailed to him.

We need not reach the merits of his argument. The letter from the Board to Appellant was a final adjudication. *McKinley v. State Board of Funeral Directors*, 5 Pa. Commonwealth Ct. 42, 288 A.2d 840 (1972). Therefore, he had the right to take a direct appeal to the Court of Common Pleas of Philadelphia County as provided by the Local Agency Law (Act), Act of December 2, 1968, P.L. 1133, *as amended*, 53 P.S. §11301 et seq. Rather than appealing the Board's denial of his appeal as provided by that Act, Appellant brought this complaint in mandamus asking that the Board be directed to grant him a hearing.

It is well settled that mandamus is an extraordinary writ which lies only to compel the performance of a ministerial act or a mandatory duty where there is a clear legal right in the plaintiff, a corresponding duty in the defendant, and a want of any other adequate remedy. *Wyoming Sand and Stone Co. v. Department of Revenue*, 24 Pa. Commonwealth Ct. 366, 355 A.2d 860 (1976). Where the Local Agency Law provides an adequate remedy at law, an action in mandamus

is precluded. *Hutnik v. Duquesne School District*, 8 Pa. Commonwealth Ct. 387, 302 A.2d 873 (1973). The Appellant failed to pursue his statutory remedy and the lower court was correct in granting the Board's preliminary objections to Appellant's complaint. We affirm.

### ORDER

AND Now, this 22nd day of May, 1978, the order of the Court of Common Pleas of Philadelphia County is hereby affirmed.