## High Properties v. Ephrata Borough

*David R. Eaby*, for defendant.
*Sheila J. Fisher*, for plaintiff.

ECKMAN, *J.*, January 27, 1983—Presently before the court are the preliminary objections filed by defendant, The Borough Council of the Borough of Ephrata, Pa., to the complaint of plaintiff, High Properties.

On April 5, 1982, plaintiff filed this action in mandamus to compel defendant to issue a permit to U.G.I. Corporation authorizing it to enter Clearview Avenue in Ephrata to install and maintain a gas line to service the Cloister Garden Apartments, owned and operated by plaintiff. Defendant filed preliminary objections on April 27, 1982, averring that (1) High Properties is an improper plaintiff to this action, and (2) plaintiff has failed to state a cause of action in mandamus upon which relief can be granted. Briefs having been filed by the parties, the preliminary objections are ready for disposition.

Defendant denied U.G.I. Corporation's permit

pursuant to Section 1202 of the Borough Code,[1] which authorizes defendant, inter alia:

"(17) Street and sewer regulations; obstructions.

To regulate the streets . . . and to prohibit the erection or construction of any building or other obstruction to the convenient use of the same."

Initially, we will address defendant's contention that plaintiff has failed to state a cause of action in mandamus. The Pennsylvania Supreme Court stated the general rule in Valley Forge Racing Association, Inc. v. State Horse Racing Commission, 449 Pa. 292, 297 A. 2d 823 (1972), as follows:

"It is axiomatic that mandamus is an extraordinary writ which lies to compel the performance of a ministerial act or a mandatory duty where there is a clear legal right in the plaintiff, a corresponding duty in the defendant, and a want of any other appropriate and adequate remedy. (Citations omitted.) Mandamus does not lie to compel the performance of discretionary acts except where the exercise or nonexercise of discretion is arbitrary, fraudulent, or based upon a mistaken view of the law." Id. at p. 295.

Mandamus is not an appropriate action when the plaintiff has an adequate remedy at law. Specifically, if the Local Agency Law[2] provides a means of appeal, an action in mandamus is not available. Hutnik v. Duquesne School District, 8 Pa. Commw. 387, 302 A. 2d 873 (1973); Augustine v. Turkeyfoot Valley Area School District, 9 D. & C. 3d 147 (1977).

Subchapter B of Chapter 5 of the Administrative

1. The Borough Code, Act of February 1, 1966, P.L. 1965, 53 P.S. §46202(17).

2. Local Agency Law, Act of April 28, 1978, P.L. 202, 2 Pa.C.S.A. §551 et seq., Supplementary Pamphlet.

Law and Procedure Act, known as the Local Agency Law, provides in Sectinn 5[3] as follows:

"752. Appeals

Any person aggrieved by an adjudication of a local agency who has a direct interest in such adjudication shall have the right to appeal therefrom to the court vested with jurisdiction of such appeals by or pursuant to Title 42 (relating to judiciary and judicial procedure)."

"Local Agency" is defined in Chapter 1 of the Administrative Law and Procedure Act[4] as "A government agency other than a Commonwealth agency." Further, a "Government Agency" is defined as

"Any Commonwealth agency or any political subdivision or municipal or other local authority, or any officer or agency of any such political subdivision or local authority." 2 Pa.C.S.A. §101.

We believe that the Borough Council of Ephrata is an agency within the terms of the Local Agency Law when it acts administratively. See North Point Breeze Coalition v. City of Pittsburgh, 60 Pa. Commw. 298, 431 A. 2d 398 (1981); Hissner Appeal, 1 D. & C. 3d 475 (1977).

Next, as a corollary matter, we must determine whether defendant's denial of U.G.I. Corporation's application was an "adjudication" within the language of the Local Agency Law under Section 5, supra, which defines "Adjudication" as

"Any final order, decree, decision, determination or ruling by an agency affecting personal or prop-

---

3. Local Agency Law, supra; 2 Pa.C.S.A. §752, Supplementary Pamphlet.

4. Administrative Law and Procedure Act, Act of April 28, 1978, P.L. 202, 2 Pa.C.S.A. §101, Supplementary Pamphlet.

erty rights, privileges, immunities, duties, liabilities or obligations of any or all of the parties to the proceeding in which the adjudication is made." 2 Pa.C.S.A. §101.

The denial of U.G.I. Corporation's application was certainly a final decision by defendant affecting property rights of plaintiff in that plaintiff is not able to convert the energy source for its apartments from on-site stored natural gas to piped natural gas. See Wagon-Hoffer v. Philadelphia Board of License and Inspection Review, 35 Pa. Commw. 440, 386 A. 2d 622 (1978) (board's letter to lessee, informing him that his appeal was untimely, was an adjudication).

Since we find that defendant, as a local agency, issued an adjudication, from which an appeal may be taken to the court of common pleas pursuant to Section 10(12) of the Judicial Code,[5] plaintiff has an adequate remedy at law. Having so concluded, we need not decide the issue of plaintiff's standing to bring the instant action.

Parenthetically, we note that when an appeal is taken to the court of common pleas, sec. 5 of the Local Agency Law[6] provides, inter alia, that

" . . . the court may hear the appeal de novo, or may remand the proceedings to the agency for the purpose of making a full and complete record or for further disposition in accordance with the order of the court."

Our review of the record indicates that a full and complete record of the proceedings before the local agency was not made in the present case.

---

5. Judicial Code, Act of April 28, 1978, P.L. 202, No. 53, §10(12), as amended by Act of December 5, 1980, No. 189, §2; 42 Pa.C.S.A. §933(a)(2).

6. Local Agency Law, supra; 2 Pa.C.S.A. §754(a).

Accordingly, we enter the following

ORDER

And now, January 27, 1983, the preliminary objections filed by defendant, The Borough Council of the Borough of Ephrata, Pa., alleging that plaintiff, High Properties, failed to state a cause of action in mandamus, are hereby sustained and the complaint in mandamus is dismissed.