Irwin A. POPOWSKY, Consumer Advocate, Petitioner,

v.

**PENNSYLVANIA PUBLIC UTILITY COMMISSION, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 8, 1997.

Decided Oct. 6, 1997.

Dianne E. Dusman, Assistant Consumer Advocate, Harrisburg, for petitioner.

Susan D. Colwell, Assistant Counsel, Harrisburg, for respondent.

John J. Gallagher, Harrisburg, for intervenor, National Assoc. of Water Companies.

Anthony C. DeCusatis, Philadelphia, for intervenor, Pennsylvania-American Water Company.

Before SMITH and PELLEGRINI, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

The issue before this Court is whether Irwin A. Popowsky, Pennsylvania Office of the Consumer Advocate (OCA) properly challenges the Pennsylvania Public Utility Commission's (PUC or Commission) exercise of its authority granted under 66 Pa.C.S. § 1501 to establish regulations governing the conditions under which public utilities shall be required to render service when it adopted certain regulations in 1996.

The OCA appeals from the PUC's revised order entitled *Final Rulemaking Re: Line*

*Extension—52 Pa.Code §§ 65.21–65.22* (Revised Final Order) which adopted regulations regarding line extensions by water utilities (Final Regulations). We quash the appeal.

The adoption of the Final Regulations was the culmination of a process that began in 1992, when the PUC issued a policy statement containing its proposed interpretation of Pennsylvania law concerning the circumstances under which utilities may request contributions or advances for constructing facilities to accommodate applicants for new service. At the time the 1992 policy statement was adopted, most water utilities' tariffs stated that mainlines would be extended to serve new customers on the basis of the "thirty-five foot rule," which had been in effect for many years. Under the thirty-five foot rule, a utility would fund the installation of thirty-five feet of mainline for each bona fide service applicant. The cost of any facilities required to serve the prospective customer in excess of thirty-five feet of mainline, had to be advanced by the applicant.[1]

The 1992 policy statement prompted the filing of complaints by numerous prospective applicants for service. As a consequence, on December 8, 1993, the PUC entered an order initiating proposed rulemaking to eliminate the uncertainty which has arisen under the Policy Statement.

On July 1, 1994, the PUC issued proposed regulations which set forth an economic test for determining the maximum amount a utility should be required to invest to extend its mainlines at the behest of a bona fide applicant. Specifically, the maximum investment would be determined by reference to the annual depreciation expense that would be covered by the anticipated average annual revenue to be received from the prospective customer, less variable operating and maintenance expenses incurred to serve the customer. The approach requires a substantially

greater utility investment per applicant than provided by the thirty-five foot rule.[2]

The Final Regulations differed from the proposed regulations in three material respects: 1) they apply only to water utilities; 2) the economic test was modified; and 3) that if an advance is required, the utility must refund a portion of the advance to the applicant for each customer added. The PUC entered the Revised Final Order on October 7, 1996.[3]

On November 5, 1996, the OCA filed a petition for review with this Court of the Revised Final Order *which implemented the regulations* in which it alleged that the regulations were not consistent with the decisions of Pennsylvania appellate courts concerning mainline extensions.[4]

■ While the OCA has appealed from a final order, the truth is that it is challenging the PUC's regulations and thus, we must sua sponte raise the question of whether this appeal is proper at all.

■ The PUC is an agency whose adjudications are subject to this Court's appellate review. However, we must determine whether the promulgation of the regulations at issue here is an adjudication within the meaning of section 101 of the Administrative Law, 2 Pa.C.S. § 101 which states, in pertinent part, that an "adjudication" is:

> Any final order, decree, decision, determination, or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilities or obligations of any or all of the parties to the proceeding in which the adjudication is made.

■ We do not view the promulgation of the regulations herein as a determination or ruling by the PUC which affects either party's property rights. Most specifically, there

---

1. Customers who made such advances were entitled to receive a refund for each additional customer who connected directly to the applicant-funded mainline extension during the next ten to fifteen years.

2. The PUC issued its final-form regulations by order entered December 28, 1995. In this order, the PUC explicitly rescinded its 1992 policy statement.

3. The final regulations became effective on February 15, 1997, upon publication in the *Pennsylvania Bulletin.*

4. The Pennsylvania–American Water Company (PAWC) and the National Association of Water Companies–Pennsylvania Chapter have been granted intervention in this appeal.

is no appeal from a regulation unless the regulation itself is self-executing because there is no harm done to the litigant. *Neshaminy Water Resources Authority v. Department of Environmental Resources,* 511 Pa. 334, 513 A.2d 979 (1986) (explaining *Arsenal Coal Co. v. Department of Environmental Resources,* 505 Pa. 198, 477 A.2d 1333 (1984)). There has been no specific harm alleged here.

In *Insurance Co. of North America v. Insurance Department,* 15 Pa.Cmwlth. 462, 327 A.2d 411 (1974), we stated:

> No right of appeal is provided under the Administrative Agency Law from the mere promulgation of a regulation. Given the admitted general applicability and future effect of the instant regulations, it is clear that both fall within the definition of "regulation" under Section 2(e), and accordingly no right of appeal to this Court lies under Section 41 of the Administrative Agency Law at this time. Nor does the failure of the Administrative Agency Law to either grant or negate a right of appeal from the promulgation of an administration regulation give this Court jurisdiction of an appeal by way of broad certiorari.

*Id.* 327 A.2d at 414. *See also Concerned Citizens of Chestnuthill Township v. Department of Environmental Resources,* 158 Pa. Cmwlth. 248, 632 A.2d 1 (1993). Therefore, we hold that this Court lacks jurisdiction to hear the appeal of the OCA because it was challenging the PUC's regulation, which is not an order appealable to this Court.

Accordingly, we quash the appeal of the Office of the Consumer Advocate.

### ORDER

AND NOW, this 6th day of October, 1997, the appeal of Irwin A. Popowsky, Consumer Advocate in the above-captioned matter is hereby quashed.