ASSOCIATION OF CITY MANAGEMENT AND PROFESSIONAL EMPLOYEES and James J. Weiss, Chairman and Trustee Ad Litem, Appellants,

v.

CIVIL SERVICE COMMISSION OF the CITY OF PHILADELPHIA.

Commonwealth Court of Pennsylvania.

Argued Oct. 8, 1998.

Decided Dec. 15, 1998.

Regina C. Hertzig, Philadelphia, for appellants.

Richard Feder, Philadelphia, for appellee.

1. Act of July 19, 1974, P.L. 486, *as amended*, repealed by the Act of July 3, 1986, P.L. 388, *formerly* 65 P.S. §§261–269.

Before COLINS, President Judge, FRIEDMAN, J.(P.), and McCLOSKEY, Senior Judge.

COLINS, President Judge.

Before the Court is the appeal of the Association of City Management and Professional Employees (ACMPE) from the decision of the Court of Common Pleas of Philadelphia County (trial court), which found that the Philadelphia Civil Service Commission (Commission) did not violate the Philadelphia Home Rule Charter in enacting and amending certain civil service regulations. Since we find that the trial court lacked jurisdiction to decide this matter, we vacate the trial court's decision and dismiss ACMPE's appeal.

ACMPE is an organization that represents otherwise non-represented civil service employees of the City of Philadelphia. ACMPE filed a Petition for Review with the trial court on May 29, 1986 challenging the promulgation and amendment of certain regulations by the Commission. Related regulations were implemented on June 20, 1986, and ACMPE filed an Amended Petition for Review challenging these regulations as well. ACMPE alleged that the regulations violated the Open Meeting Law,[1] the Philadelphia Home Rule Charter,[2] and the Fourteenth Amendment to the United States Constitution.

The case was initially assigned to the Honorable Lois G. Forer. After a trial on stipulated facts, Judge Forer held that the regulations were enacted in contravention of the Open Meeting Law, and that therefore, it was not necessary to address ACMPE's City Charter and constitutional arguments. The case was then transferred to the Honorable I. Raymond Kremer for disposition of the outstanding issue of damages. After additional briefing and oral argument, Judge Kremer issued an opinion awarding attorney's fees and costs to ACMPE. Because the trial court had not yet ruled on the City

2. 351 Pa.Code §§1.1–100–12.12–503.

Charter allegations, the parties agreed that this order would be withdrawn to allow the trial court to rule on those allegations.[3] Judge Kremer retired before addressing the alleged City Charter violations, and the case was eventually transferred to the Honorable William J. Lederer. On October 29, 1996, Judge Lederer ruled that ACMPE had not proven that the Commission violated the City Charter.

■ This present matter is one in a series of cases brought by ACMPE contesting the Commission's decision in 1985 to effectuate changes in the benefits program offered to civil service employees. ACMPE makes two arguments in its appeal. First, ACMPE argues that the institution of certain regulations violated the Home Rule Charter because the regulations took the decision of what levels of benefits to offer employees away from the Commission.[4] Second, ACMPE contends that the Commission's amendment of a specific regulation violated the Home Rule Charter because the amendment created a disparity in vacation and sick time benefits between represented and non-represented employees. We will not reach the merits of these arguments because the trial court lacked jurisdiction over this matter from its inception.

What ACMPE has effectively done here is brought an action in the trial court appealing the Commission's promulgation of civil service regulations. There was no basis for the trial court to assume jurisdiction over this matter because no authority for such an appeal exists.

■ This Court has commented on the duality of state administrative bodies. State administrative agencies function as quasi-judicial bodies, while at the same time they possess quasi-legislative powers. *See Insur-* ance Co. of N. Am. v. Commonwealth, 15 Pa.Cmwlth. 462, 327 A.2d 411, 413 (Pa. Cmwlth.1974) (*North America I* ) (contrasting quasi-judicial and quasi-legislative functions of Insurance Department); *see also Laurel Lake Ass'n v. Pennsylvania Fish and Boat Comm'n,* 710 A.2d 129, 132–33 (Pa. Cmwlth.1998) (discussing *North America I* ). Surely an aggrieved party has the right to appeal the adjudications of certain Commonwealth agencies to the courts of common pleas pursuant to 42 Pa.C.S. §933, and than to this Court pursuant to 42 Pa.C.S. §762. In other instances, an aggrieved party may appeal the adjudications of certain Commonwealth agencies directly to this Court pursuant to 42 Pa.C.S. §763. However, this right to appeal does not extend into the realm of legislative-type actions taken by state administrative agencies. *North America I,* 327 A.2d at 413–14. Simply stated, legislative-type actions of state administrative agencies are not appealable. *Id.*

Moreover, this Court has addressed direct challenges to regulations promulgated by state administrative bodies. In addressing those challenges, this Court has held that no right of appeal is provided under the Administrative Agency Law[5] from the mere promulgation of a regulation by a state agency. For example, in *North America I,* and its companion case, *Insurance Co. of N. Am. v. Commonwealth,* 15 Pa.Cmwlth. 460, 327 A.2d 414 (Pa.Cmwlth.1974) (*North America II* ), this Court was faced with two appeals challenging regulations implemented by the Insurance Department. In *North America I,* we addressed the judicial-legislative dichotomy of the Insurance Department and held that no right to appeal the promulgation of an agency regulation is provided under the Administrative Agency Law. The *North America I* Court concluded that the act of

---

3. We must make reference to the unorthodox procedural course this case has taken. The record is unclear as to why this case proceeded even after the regulations were deemed to be enacted in contravention to the Open Meeting Law. In addition, it is unclear where the parties got the authority to have the court of common pleas' order withdrawn so that the court could address the City Charter allegations. Since the court of common pleas did not have jurisdiction to begin with, these issues are irrelevant.

4. Without entering into a protracted discussion, we will note here our belief that ACMPE's contention in this vein would necessarily be governed by this Court's decision in *Association of City Management and Professional Employees v. City of Philadelphia,* 713 A.2d 153 (Pa.Cmwlth. 1998).

5. 2 Pa.C.S. §§501–508, 701–704.

passing a regulation was not of a judicial character and was not appealable.[6]

More recently, this Court again addressed a direct challenge to a state agency's promulgation of regulations. In *Laurel Lake*, the petitioner brought an action challenging the promulgation of regulations that restricted the use of boats on a lake to those with motors not in excess of sixty horsepower. In disposing of that case, the Court reiterated the holding in *North America I* and concluded that the Fish and Boat Commission's implementation of regulations was not an appealable agency action. *Laurel Lake*, 710 A.2d at 133.

We see no reason why these holdings should not be applied by analogy to local administrative agencies. The Commission is paradigmatic of the judicial-legislative dichotomy seen in administrative bodies. The Commission acts as an quasi-judicial body pursuant to Section 7–201 of the Home Rule Charter.[7] Under Section 7–201, the Commission is empowered to hear appeals from dismissals, demotions, and suspensions of civil service employees and is permitted to adjudicate the merits of these appeals. The Commission is at the same time empowered to act in a quasi-legislative capacity. Pursuant to Section 7–400 of the Home Rule Charter,[8] the Commission is charged with approving civil service regulations that govern the incidents of civil service employment. Recognizing the similarities between the present matter and those previously addressed by this Court, we find that there is no right of appeal from the Commission's promulgation or amendment of regulations.[9]

■ This is not to say that ACMPE is precluded from bringing suit when one of its members is harmed by an action taken pursuant to an illegal regulation. To the contrary, ACMPE could have brought suit alleging that one or a number of its members suffered a specific harm as the result of an identifiable action taken pursuant to the purportedly illegal regulations. In other words, ACMPE objectives may have been better served had ACMPE placed a concrete case or controversy before the trial court. Moreover, ACMPE surely has the right to challenge the Commission's quasi-judicial actions affecting its members.

■ ACMPE makes two arguments attempting to escape the consequence of our holdings in *North America I* and its progeny. First, ACMPE argues that the jurisdiction issue is merely an attack on the form of ACMPE's action and that the Commission is precluded from raising the issue of the impropriety of a Petition for Review at this juncture of the proceedings. Second, ACMPE contends that its action is saved by the dictates of Pa. R.A.P. 1504. We are constrained to disagree.

■ A party to an action may raise the issue of jurisdiction at any time, even at the appellate level. *Porreco v. Maleno Developers, Inc.,* 717 A.2d 1089 (Pa.Cmwlth.1998). The Commission has raised this issue, and despite the tortured history of this case, the Commission has the right to assert its jurisdictional challenge before this Court some thirteen years after the commencement of this action. In any event, had the Commission challenged only the form of the action, not jurisdiction, as asserted by ACMPE, we would be compelled to raise the issue of jurisdiction sua sponte. *Robinson v. City of Philadelphia,* 706 A.2d 1295, 1297 (Pa. Cmwlth.1998) ("the failure of the parties to raise the issue [of jurisdiction] does not preclude this Court from doing so sua sponte").

■ As for ACMPE's second argument, the application of Pa. R.A.P. 1504 would presuppose proper subject matter jurisdiction, which is not present in this case. As such, any relief that the rule would afford ACMPE is inoperative by virtue of the trial court's lack of subject matter jurisdiction. In any

---

6. The *North America II* Court adopted the rationale of the *North America I* Court in disposing of the challenge to Insurance Department regulations at issue therein.

7. 351 Pa.Code §7.7–201.

8. 351 Pa.Code §7.7–400.

9. Since the issue was not raised before this Court, we will not address the possible applicability of 42 Pa.C.S. §708(b) to the present dispute.

event, the rule cited by ACMPE is a rule of appellate procedure which is inapplicable to trial courts unless adopted by local rule. *Baravordeh v. Borough Council of Prospect Park*, 706 A.2d 362, 363 (Pa.Cmwlth.1998) ("The Rules of Appellate Procedure apply to the practice and procedure in the Pennsylvania Supreme Court, the Superior Court and the Commonwealth Court. They do not apply to proceedings in common pleas court absent a local rule expressly incorporating them.") (citations omitted).

Accordingly, the trial court's determination is vacated, and this case is dismissed.

## *ORDER*

AND NOW, this 15th day of December, 1998, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is vacated, and this matter is dismissed.