567 A.2d 1107

**TOM MISTICK AND SONS, INC., D. Thomas Mistick, Appellants,**

**v.**

**CITY OF PITTSBURGH, Ben Woods, Jack Wagner, Otis Lyons, Michael Coyne, Michelle Madoff, Eugene DePasquale and James Ferlo, Appellees.**

Commonwealth Court of Pennsylvania.

Argued Oct. 3, 1989.

Decided Dec. 19, 1989.

David M. Priselac, Pittsburgh, for appellants.

George R. Specter and D.R. Pellegrini, Pittsburgh, for appellees.

Before CRUMLISH, Jr., President Judge, and COLINS, J., and BARBIERI, Senior Judge.

BARBIERI, Senior Judge.

Appellants, Tom Mistick and Sons, Inc. and D. Thomas Mistick, appeal the order of the Court of Common Pleas of

Allegheny County dismissing their complaint upon sustaining a preliminary objection in the nature of a demurrer which was raised by Appellees, the City of Pittsburgh and seven members of Pittsburgh's City Council. The sole issue presented for review is whether a timely filed writ of summons meets the requirement of Section 13 of the Sunshine Act [1], 65 P.S. § 283 [2], that a "legal challenge" be filed within 30 days from the date of an alleged unauthorized meeting. We reverse and remand.

Appellants filed a praecipe for a writ of summons in equity and declaratory judgment against Appellees on August 12, 1988 and, on September 9, 1988, Appellees were duly served. On January 31, 1989, Appellants filed a complaint in equity and declaratory judgment, challenging the validity of a July 13, 1988 City Council meeting on the ground that no public notice of the meeting was given as required by Section 9 of the Sunshine Act, 65 P.S. § 279, and seeking an injunction to preclude Appellees from enforcing certain ordinances enacted at the July 13, 1988 meeting. In response, Appellees filed preliminary objections asserting, *inter alia*, that Appellants failed to file a "legal challenge" to the ordinances within 30 days of the July 13, 1988 meeting.

In sustaining Appellees' preliminary objection for failure to timely file a "legal challenge", the trial court reasoned

1. Act of July 3, 1986, P.L. 388.
2. Section 13 of the Sunshine Act directs that:
   A legal challenge under this act shall be filed within 30 days from the date of a meeting which is open, or within 30 days from the discovery of any action that occurred at a meeting which was not open at which the act was violated, provided that, in the case of a meeting which was not open, no legal challenge may be commenced more than one year from the date of said meeting. The court may enjoin any challenged action until a judicial determination of the legality of the meeting at which the action was adopted is reached. Should the court determine that the meeting did not meet the requirements of this act, it may in its discretion find that any or all official action taken at the meeting shall be invalid. Should the court determine that the meeting met the requirements of this act, all official action taken at the meeting shall be fully effective. The court may impose attorney fees for legal challenges commenced in bad faith.

that a "legal challenge", within the meaning of the Sunshine Act, is a process by which a governmental agency is given notice of the grounds constituting an alleged violation of the Sunshine Act and that a writ of summons apprises an agency only of the filing of a lawsuit. Based thereon, the trial court concluded that commencement of an action by issuance of a writ was not a "legal challenge". Inasmuch as Appellants' complaint, apprising Appellees of the grounds for the challenge, was not filed within 30 days of the July 13, 1988 meeting, the trial court dismissed it as untimely.

We initially note that the keystone of all statutory interpretation and construction is "to ascertain and effectuate the intention of the General Assembly." Section 1921(a) of the Statutory Construction Act of 1972 (SCA), 1 Pa. C.S. § 1921(a). Legislative intent may be ascertained by considering, *inter alia,* the necessity for the statute, the mischief to be remedied, and the object to be attained. Section 1921(c) of the SCA, 1 Pa. C.S. § 1921(c).

Review of the evolutionary history underlying the Sunshine Act, as well as the Sunshine Act itself, demonstrates a legislative intent to curb corruption and abuse of power by opening the decision-making processes of governmental agencies to greater public participation, scrutiny, and accountability. *See Consumers Education and Protective Association v. Nolan,* 470 Pa. 372, 368 A.2d 675 (1977); Section 2 of the Sunshine Act, 65 P.S. § 272(a). Review of the Sunshine Act's predecessors, the Open Meeting Law [3] and Sections 1-4 of the Act of June 21, 1957, P.L. 392 [4], 65 P.S. §§ 251-254, also establishes that, prior to the Sunshine Act, no procedures or time periods were set forth by the legislature for challenging a governmental agency's failure to provide notice of a public meeting. Quite clearly, in enacting Section 13 of the Sunshine Act, 65 P.S. § 283, the

**3.** Added by Sections 1-9 of the Act of July 19, 1974, P.L. 486, *as amended, formerly* 65 P.S. §§ 261-269, repealed by the Act of July 3, 1986, P.L. 388, the Sunshine Act.

**4.** Reenacted without change by the Act of September 28, 1959, P.L. 987, repealed by the Act of July 3, 1986, P.L. 388, the Sunshine Act.

legislature intended to remedy this omission by requiring legal challenges to any action taken at an alleged unauthorized meeting to be initiated within a time certain. However, the legislature neither specified the manner in which legal challenges were to be brought nor the requisite level of specificity to be contained therein.

Appellants contend that commencement and service of an action in accordance with Pa. R.C.P. No. 1007 [5] is sufficient to initiate a "legal challenge" within the meaning of Section 13 of the Sunshine Act, 65 P.S. § 283. By contrast, Appellees assert that a writ of summons does not constitute a "legal challenge" as contemplated by the Sunshine Act since the legislature intended that questions be raised by appeal and that a writ of summons neither raises questions nor allegations relating to the grounds upon which a challenge is based so as to properly apprise a governmental agency of any alleged deficiency. Appellees further submit that use of a writ of summons would effectively permit a complainant to attack an ordinance, as here, years after its enactment, thereby disrupting the orderly operation of governmental agencies.

As previously noted, Section 13 of the Sunshine Act neither specifies the manner in which legal challenges are to be initiated nor does it require legal challenges to contain any particular level of specificity. It is not a court's role to alter the scope and operation of a statutory provision by inserting restrictions where none exist. *See* Section 1923(c) of the SCA, 1 Pa. C.S. § 1923(c).

■ Moreover, words and phrases are to be construed according to their common and approved usage unless they have acquired a peculiar meaning. Section 1903 of the SCA, 1 Pa. C.S. § 1903. Here, the phrase "legal challenge" is not defined either in the Sunshine Act or the SCA. Nor

5. This rule directs that:
  An action may be commenced by filing with the prothonotary
    (1) a praecipe for a writ of summons,
    (2) a complaint, or
    (3) an agreement for an amicable action.

has this phrase acquired any peculiar meaning. The word "challenge", however, means, *inter alia*, "[t]o object or except to; to question formerly [sic] the legality of; to put into dispute; to render doubtful." Black's Law Dictionary 209 (5th ed.1979). We therefore conclude that Section 13 of the Sunshine Act, as drafted, requires only that a legal dispute or objection to any action taken at an alleged unauthorized meeting under the circumstances here be raised within 30 days; the manner in which it is commenced, whether by complaint, writ, agreement, or other traditionally recognized means, is of no particular significance.

■ Nor are we convinced that use of a writ of summons in this context will in any way substantially impede the proper functioning of governmental agencies by invalidating action taken at an unauthorized meeting several years later. First, challenges must be raised within a time certain under Section 13 of the Sunshine Act. Second, agencies served with a writ, as here, may readily prevent any indefinite delays as well as discover the exact nature and grounds for the challenge simply by requesting the prothonotary to enter a rule upon the challenger to file a complaint pursuant to Pa. R.C.P. No. 1037(a). And third, Section 13 of the Sunshine Act vests discretion in the court to determine whether or not to invalidate action taken at an unauthorized meeting.

On the other hand, if we were to hold that a writ could not be used to raise a legal challenge under the Sunshine Act, such a ruling might severely hamper the process of public accountability since it may prove impossible, at times, for a challenger to secure, within 30 days, all of the information necessary to file a complaint or otherwise delineate all grounds for the challenge with sufficient specificity. Inasmuch as writs have been traditionally used to toll limitations periods under similar circumstances, we see no reason to depart from such traditional use here, given the importance of the public interest involved and the lack of

legislative expression requiring a more restrictive interpretation of the phrase "legal challenge".

As Appellants timely challenged the validity of the July 13, 1988 City Council meeting, the trial court's order is reversed and this matter is remanded to the trial court for further proceedings on the merits.

## ORDER

AND NOW, this 19th day of December, 1989, the order of the Court of Common Pleas of Allegheny County is reversed and this matter is remanded for further proceedings on the merits.

Jurisdiction relinquished.