613 A.2d 551

**Robert BABAC and Anne Martin Criss, Appellees,**

**v.**

**PENNSYLVANIA MILK MARKETING BOARD, Appellant.**

**Helen C. FINUCANE, Leila Finucane
and Michael Finucane, Appellees,**

**v.**

**PENNSYLVANIA MILK MARKETING BOARD, Appellant.**

Supreme Court of Pennsylvania.

Argued May 6, 1992.

Decided Sept. 18, 1992.

See also 140 Pa.Cmwlth. 553, 593 A.2d 1337.

Daniel J. Doyle, Deputy Atty. Gen., for appellant.

Thomas J. Finucane, Chambersburg, for Finucane and Babac and Criss.

Allen C. Warshaw, Mechanicsburg, for Area 5 Milk Dealers.

Donn L. Synder, Harrisburg, for Pa. Food Merchants.

John J. Bell, Lemoyne, for Pa. Farmers Ass'n.

Donald F. Copeland, Norristown, for Atlantic Gary Corp.

Irv Ackelsberg, Philadelphia, for SEPA.

J. Jackson Eaton, III, Allentown, for SE PAMDA.

Before NIX, C.J., and LARSEN, FLAHERTY,
McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION OF THE COURT

CAPPY, Justice.

The question presented is one of first impression: whether participation of members of the Pennsylvania Milk Marketing Board (the "Board"), appellant, by telephone conference call using a speaker telephone in a meeting open to the public convened for the purpose of deliberating agency business or taking official action violates Section 274 of the Sunshine Act, 65 P.S. § 271 et seq.[1] For the reasons that follow, we find that participation of members of the Board by telephone conference call using a speaker telephone in a meeting open to the public convened for the purpose of deliberating agency business or taking official action does not violate Section 274.

These consolidated appeals involve two orders of the Board.[2] In accordance with the Milk Marketing Law, 31 P.S. § 700j–101 et seq., the Board is composed of three members, two of which constitute a quorum.[3] Any action or order of the Board requires the approval of at least two members. 31 P.S. § 700j–201. In both appeals, a meeting open to the public was held for the purpose of discussing and voting on the orders. It is these meetings that are the subject of these appeals.

In Babac, one Board member was physically present at the meeting; the remaining two Board members participated in

1. The public policy underlying the Sunshine Act is "to insure the right of [Commonwealth] citizens to have notice of and the right to attend all meetings of agencies at which any agency business is discussed or acted upon...." 65 P.S. § 272(b). This policy is achieved through Section 274, the open meeting provision.

2. The order in Babac, Amended General Price Order A–866, established new minimum producer, wholesale and retail prices for fluid milk products sold in Milk Marketing Area 5. The order in Finucane, General Price Order A–863, established new minimum wholesale and retail prices for Milk Marketing Area 1.

3. The Commonwealth Court mistakenly held in Babac that three Board members constitute a quorum. Babac v. Pennsylvania Milk Marketing Board, 136 Pa.Commw. 621, 584 A.2d 399 (1990).

the meeting by speaker telephones. The Board voted unanimously to adopt Amended General Price Order A–866.

In *Finucane,* Board members Wilkinson and Lanius were physically present at the meeting. Board member Derry participated in the meeting by speaker telephone. The Board adopted General Price Order A–863 with the following vote: Wilkinson and Derry voted to adopt the order; Lanius abstained.

In *Babac,* protesting consumers appealed Amended General Price Order A–866 to the Commonwealth Court alleging that adoption of the Order violated Section 274 because a quorum of Board members was not physically present. In *Finucane,* protesting consumers and the Consumer Education and Protection Association appealed General Price Order A–863 to the Commonwealth Court alleging that adoption of the order violated Section 274 because a vote by telephone is invalid. In both cases, the Commonwealth Court agreed, vacated the orders and remanded to the Board for reconsideration at an open meeting consistent with Section 274. Thereafter, this Court granted a motion to consolidate the two cases prior to oral argument.

Resolution of the question presented in the instant case requires us to construe Section 274. When construing statutory provisions, this Court is guided by the Statutory Construction Act of 1972. 1 Pa.C.S. § 1501 *et seq.* "The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." 1 Pa.C.S. § 1921(a). *See also Frontini v. Pennsylvania Department of Transportation,* 527 Pa. 448, 451, 593 A.2d 410, 411–12 (1991). "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(b). *See also Rivenbark v. Pennsylvania Board of Probation and Parole,* 509 Pa. 248, 255, 501 A.2d 1110, 1114 (1985). "Every statute shall be construed, if possible, to give effect to all of its provisions." 1 Pa.C.S. § 1921(a). *See also O'Reilly v. Fox Chapel Area School District,* 521 Pa. 471, 476, 555 A.2d 1288, 1291 (1989).

The purpose of the Sunshine Act as set forth therein is as follows:

> The General Assembly finds that the right of the public to be present at all meetings of agencies and to witness the deliberation, policy formation and decisionmaking of agencies is vital to the enhancement and proper functioning of the democratic process and that secrecy in public affairs undermines the faith of the public in government and the public's effectiveness in fulfilling its role in a democratic society.

65 P.S. § 272(a).[4] This purpose is accomplished through Section 274 which provides as follows: "Official action and deliberations by a quorum of the members of an agency shall take place at a meeting open to the public unless closed under section 7, 8, or 12." 65 P.S. § 274.[5] The term "meeting" is defined in the Sunshine Act as "[a]ny prearranged gathering of an agency which is attended *or participated in* by a quorum of the members of an agency held for the purpose of deliberating agency business or taking official action." 65 P.S. § 273 (emphasis added).[6]

The language of Section 274 is clear and unambiguous. Official action by a quorum of members of an agency can take

**4.** The Commonwealth Court erroneously concluded that the use of the term "witness" in Section 272(a) requires Board members to be physically present at all meetings of agencies. We disagree. The statute merely gives the public the right to witness the deliberation, policy formation and decisionmaking of agencies. In other words, the statute gives the public the right to be present to personally observe the deliberation, policy formation and decisionmaking of agencies. It does not mandate that Board members be physically present at such meetings. Allowing Board members to participate by speaker telephone in no way infringes on this right.

**5.** Sections 7 (Exceptions to open meetings), 8 (Executive sessions) and 12 (General Assembly meetings covered) do not apply to the appeals *sub judice.*

**6.** It is not disputed that the Board is an agency as defined in the Sunshine Act. An "agency" is defined in relevant part in the Sunshine Act as follows: "The body, and all committees thereof authorized by the body to take official action or render advice on matters of agency business, of ... any board ... of the Commonwealth...." 65 P.S. § 273. The Board, created pursuant to the Milk Marketing Law, is a board of the Commonwealth. 31 P.S. § 700j–201.

place at a meeting attended *or participated in* by such quorum. In order to accord meaning to the words "or participated in", we are compelled to conclude that, pursuant to Section 274, a quorum of members can consist of members not physically present at the meeting but who nonetheless participate in the meeting and that such quorum can take official action, provided that, the absent members are able to hear the comments of and speak to all those present at the meeting and all those present at the meeting are able to hear the comments of and speak to such absent members contemporaneously. Participation by speaker telephone clearly satisfies this mandate.[7]

In *Babac*, Amended General Price Order A–866 was adopted at a meeting at which one Board member was physically present and two Board members participated by speaker telephone. For all the foregoing reasons, we conclude that there was a proper quorum, therefore, Amended General Price Order A–866 was adopted at a duly constituted meeting and, as such, is valid.

In *Finucane*, General Price Order A–863 was adopted based upon the affirmative vote of two Board members, one of whom was physically present and one of whom participated by speaker telephone. For all the foregoing reasons, we conclude that the vote cast by speaker telephone was valid. Thus, two Board members approved the adoption of General Price Order A–863 and, as such, it is valid.

Our holding in no way undermines the public policy of this Commonwealth that secrecy in public affairs is undesirable. The Board's action in both *Babac* and *Finucane* clearly was not conducted in secrecy.

Accordingly, we reverse the decisions of the Commonwealth Court and reinstate Amended General Price Order A–866 and General Price Order A–863.

LARSEN, J., did not participate in the consideration or decision of this case.

7. Appellees have not challenged the *identity* of the Board members participating by speaker telephone, therefore, we need not address this separate factual issue in the case *sub judice*.

McDERMOTT, J., did not participate in the decision of this case.

PAPADAKOS, J., notes his dissent.