**Davoud BARAVORDEH, Appellant,**

v.

**BOROUGH COUNCIL OF PROSPECT PARK.**

Commonwealth Court of Pennsylvania.

Argued Sept. 10, 1997.

Decided Jan. 7, 1998.

Reargument Denied Feb. 24, 1998.

Peter DiGiovanni, Gradyville, for appellant.

Paola Tripodi Kaczynski, Media, for appellee.

**1.** Section 10.1 was added by Section 1 of the Act of June 15, 1993, P.L. 95.

**2.** Baravordeh's petition for review asserted jurisdiction in the trial court on the basis of Section 933(a)(2) and/or (a)(3) of the Judicial Code, 42 Pa.C.S. § 933(a)(2), (3), Pa. R.A.P. 1502 and Section 15 of the Sunshine Act, 65 P.S. § 285. It

Before COLINS, President Judge, and DOYLE, McGINLEY, SMITH, PELLEGRINI, FRIEDMAN and KELLEY, JJ.

SMITH, Judge.

Davoud Baravordeh (Baravordeh) appeals from two orders of the Court of Common Pleas of Delaware County (trial court) that sustained the preliminary objections of the Borough Council (Council) of Prospect Park (Borough) to Baravordeh's petition claiming violation of his rights under the Sunshine Act, Act of July 3, 1986, P.L. 388, *as amended,* 65 P.S. §§ 271—286, overruled his preliminary objection to Council's preliminary objections and dismissed his petition. Baravordeh presents twelve questions for review, advancing several procedural arguments as to why the Council's preliminary objections should have been dismissed and also contending that the trial court erred in interpreting the substantive provisions of the Sunshine Act.

I

■ The trial court noted that Baravordeh filed a "petition for review" alleging that at the August 8, 1995 meeting of Council the Borough Police Chief made comments relating to an incident that occurred nearly 14 years earlier. At the following regular meeting, on September 12, 1995, Baravordeh attempted to address the Police Chief's comments, but the President of Council denied his request, stating that it was not "current business." Baravordeh's petition requested that the trial court set aside Council's denial of the opportunity to present his information and comments at the regular meeting, order Council to refrain from requiring that comments presented at regular meetings conform to a definition of "current business" or any other subject matter limitation not specified in Section 10.1(a) of the Sunshine Act,[1] 65 P.S. § 280.1(a), and impose fines or such other relief as might be just.[2]

stated that the pleading was within the scope of a petition for review pursuant to Pa. R.A.P. 1501(a)(3). Section 933(a)(3) provides for jurisdiction in common pleas court where it is so vested pursuant to any statute enacted after June 27, 1978. Section 15 of the Sunshine Act provides that "courts of common pleas shall have original jurisdiction of actions involving other

Council filed preliminary objections in the nature of a demurrer on October 30, 1995. Its memorandum of law argued that Baravordeh pled his case as a petition for review under Pa. R.A.P. 1501, but the incident described did not constitute a "determination" by Council subject to review by a court within the definition of that term in Pa. R.A.P. 102. It noted that Section 10.1 of the Sunshine Act requires that the board or council of a political subdivision provide a "reasonable opportunity" at each advertised regular or special meeting for residents or taxpayers "to comment on matters of concern, official action or deliberation which are or may be before the board or council." Council asserted that the President's action was not an order or determination of Council that Baravordeh not be permitted to speak but was simply an exercise of the power of those who preside over public meetings to ensure that the proceedings are conducted in an orderly fashion. In the alternative, Council argued that the underlying issue was political in nature and was amenable to electoral rather than judicial relief.

■ On November 22, 1995, Baravordeh filed a praecipe to dismiss Council's preliminary objections, which the trial court treated as a preliminary objection to Council's preliminary objections. That praecipe stated simply that Council's preliminary objections were filed without an attached memorandum of law, in violation of Local Rule *1028.1(a), and they should be dismissed pursuant to Local Rule *1028.1(e), which states that any motion subject to the rule that is filed without an accompanying memorandum shall be dismissed. Council filed a response on De-

cember 6, 1995, noting that its memorandum was filed timely with one page missing and then refiled three days later. On December 29, 1995, Baravordeh filed a memorandum of law in opposition to Council's preliminary objections.[3]

## II

■ Baravordeh first renews his contention that Council's preliminary objections should have been dismissed under Local Rule *1028.1. Council notes that the trial court concluded that filing of the memorandum within three days, when no matter had been delayed as a result, constituted substantial compliance. The Court observes that Pa. R.C.P. No. 126 provides that a court at any stage of a proceeding may disregard an error or defect of procedure that does not affect the substantial rights of the parties. Baravordeh has never alleged prejudice due to the three-day delay. The trial court acted well within its discretion in declining to dismiss Council's objections.

Next Baravordeh asserts that the trial court erred by considering factual allegations in Council's memorandum of law, which were not formally pled in the preliminary objections and so were not subject to verification. He also claims error for failure to dismiss the objections as a speaking demurrer. The Court's review of Council's preliminary objections shows that all factual averments contained therein are supported by citation to Baravordeh's petition for review. Council's contentions in its memorandum that the incident of which Baravordeh complains did not constitute a "determination" or that it was a

[than State] agencies to render declaratory judgments or to enforce this act, by injunction or other remedy deemed appropriate by the court."

The Rules of Appellate Procedure apply to the practice and procedure in the Pennsylvania Supreme Court, the Superior Court and the Commonwealth Court. Pa. R.A.P. 103. They do not apply to proceedings in common pleas court absent a local rule expressly incorporating them. *Scott v. Bristol Township Police Dep't,* 669 A.2d 457 (Pa.Cmwlth.1995). This Court has held that Section 13 of the Sunshine Act, 65 P.S. § 283, in providing for a "legal challenge" to claims of violation, did not specify the form of action, and that the manner in which the legal challenge is commenced, whether by complaint, writ, agree-

ment or other recognized means, is of no particular significance. *Tom Mistick and Sons, Inc. v. City of Pittsburgh,* 130 Pa.Cmwlth. 234, 567 A.2d 1107 (1989), *appeal denied,* 527 Pa. 606, 589 A.2d 695 (1990). Nevertheless, Baravordeh's pleading his case under the inapplicable Appellate Rules was incorrect and has contributed significantly to the confusion in this case.

**3.** The scope of this Court's review of an order sustaining preliminary objections in the nature of a demurrer is to determine whether the trial court abused its discretion or committed an error of law. *Factor v. Goode,* 149 Pa.Cmwlth. 81, 612 A.2d 591 (1992), *appeal denied,* 533 Pa. 654, 624 A.2d 112 (1993).

political issue were legal arguments, not averments of fact.

■ Baravordeh also contends that the trial court erred by not affording him the opportunity to plead over pursuant to Pa. R.C.P. No. 1028(d). That subpart provides: "If the preliminary objections are overruled, the objecting party shall have the right to plead over within twenty days after notice of the order or within such other time as the court shall fix."

■ This Court explained in *Chester Upland School Dist. v. Yesavage*, 653 A.2d 1319 (Pa.Cmwlth.1994), that the Rule 1028(d) right to plead over applies only where the pleading objected to contains averments of facts outside the record and is endorsed with a notice to plead, thus requiring a responsive pleading. Baravordeh's preliminary objection asserting only Council's failure to attach a required memorandum of law could be decided on the basis of the existing record. In such a case the right to plead over under Rule 1028(d) does not apply. *Chester Upland School Dist.*

### III

At this point the Court notes that because Council's preliminary objections did not aver anything beyond Baravordeh's petition for review, and because Baravordeh made no averments as to what the Chief said, as late as the oral argument of this matter before this Court en banc, the subject of the Chief's comments had never been identified. Therefore, the Court directed Council to supplement the record by submitting the minutes of the two meetings in question. Council submitted copies of the minutes, and the Court admitted them into the record by an order entered November 13, 1997.

At the meeting on August 8, 1995, the Borough Engineer, after reporting to Council on sewer repair projects, commented on a newspaper article concerning the Borough's application for a Pennvest loan to extend storm sewers to some areas that did not have them. Minutes of August 8, 1995 Council meeting, pp. 2–3. He stated that the article was incorrect in reporting that the proposal involved spending $90,000 for an inlet on

property of the Police Chief and said also that he had been told that a resolution of Council had no bearing on the loan but was required as part of the paperwork. *Id.*, pp. 3–4. Baravordeh referred to his trips to Harrisburg to investigate the application and stated that an ordinance was required, to insure public notice and participation. *Id.*, pp. 6–7.

The Mayor also commented on the article, stating that he thought it was very unprofessional and dangerous to put a map in the newspaper showing where the Police Chief lives. *Id.*, p. 11. The Chief added to those remarks by stating that he held two individuals responsible if anything happened to his children or his wife. He stated that police officers have unlisted telephone numbers for safety reasons; when the telephone company inadvertently put his in the phone book, the house he and his wife were building in 1980 and 1981 burned down. But for his being up late after working a double shift and having a direct radio link, his wife and children might have died. *Id.*

At the meeting of September 12, 1995, Baravordeh referred to the Police Chief's comments concerning the burning of his house. The President of Council stated that Baravordeh's reference had nothing to do with current business. Baravordeh said that he had a newspaper article from 1981 and a copy of a telephone book from 1980 with a listing for the Chief and that the Chief had put the integrity of every police officer on the line by misrepresenting what went on. The President repeatedly told Baravordeh to sit down because he was not talking about current business. The Chief stated that at a recent workshop session Baravordeh made accusations that he had been intimidated by the Chief's two sons and that for a year and a half Baravordeh had harassed him and several times sought his removal from office because he once gave Baravordeh a ticket and testified against him. The President stated that these were not current events and told Baravordeh to sit down because he was out of order. *See* Minutes of September 12, 1995 Council meeting, pp. 12–16.

## IV

On the merits, Baravordeh first notes that in reviewing preliminary objections in the nature of a demurrer, a court must regard as true all well-pled, material, relevant facts of the complaint and reasonable inferences therefrom, without additional evidence or allegations of fact, and that any doubt should be resolved by overruling the demurrer. *Mellon Bank, N.A. v. Fabinyi*, 437 Pa.Super. 559, 650 A.2d 895 (1994). Baravordeh asserts that whether the subject matter he attempted to raise was the 14–year–old incident or rather his allegation that the Police Chief lied concerning that incident is a disputed question of fact. He argues that he alleged that the subject was a matter of concern that might come before Council, and that is all that Section 10.1 of the Sunshine Act requires. He contends that the trial court erred in stating: "Mr. Baravordeh has not indicated in his petition *in what way* the matter was of public concern." Trial court opinion, p. 4.

■ In the Court's view, Baravordeh's mere allegation that the Police Chief made misleading comments, without more, did not clearly state a matter of concern to Council or residents, as Baravordeh contends. This determination cannot be made in a vacuum. If the subject matter is inconsequential, a misleading comment on it, even by the Police Chief, is not something that is or might be before Council. When Baravordeh framed his petition he disregarded Pa. R.C.P. No. 1019(a), which mandates that a party state the material facts upon which a cause of action or defense is based. Baravordeh knew what the Police Chief said, why he thought it was misleading and what statements or other materials he wished to present at the second Council meeting; nevertheless, he chose not to plead these crucial allegations.[4]

■ Further, Baravordeh again fails to recognize the distinction between averments of fact and statements of legal conclusions. Although the former must be accepted as true, legal conclusions, unjustified inferences, argumentative allegations and expressions of opinion are not deemed admitted. *Runski v. American Federation of State, County and Municipal Employees, Local 2500*, 142 Pa. Cmwlth. 662, 598 A.2d 347 (1991), *aff'd per curiam*, 537 Pa. 193, 642 A.2d 466 (1994). Baravordeh's bald assertion that he was prevented from discussing subject matter that fell within Section 10.1 of the Sunshine Act was a statement of a legal conclusion as to the central issue in the case. It was not an averment of fact that the trial court was required to accept as true.

■ Next Baravordeh comes to the crux of his Sunshine Act argument. He notes that Section 10, 65 P.S. § 280, authorizes an agency to adopt "the rules and regulations necessary for the conduct of its meetings and the maintenance of order," and also provides that such rules and regulations "shall not be made to violate the intent of this act." He points to this Court's holding in *Babac v. Pennsylvania Milk Marketing Board*, 136 Pa.Cmwlth. 621, 584 A.2d 399 (1990), *rev'd on other grounds*, 531 Pa. 391, 613 A.2d 551 (1992), that the intent of the Sunshine Act is to ensure the public's ability to witness and to evaluate the actions of public officials. Baravordeh stresses that Section 10.1(a) provides that residents shall be provided a reasonable opportunity to comment on "matters of concern" that "may" come before the agency. He asserts that a limitation of comments to "current business" or any other subject matter limitation whatsoever denies residents the opportunity to raise new issues and to evaluate the performance of their public officials over time in violation of Section 10 and contrary to *Babac.*

---

**4.** The context in which a request to speak is made also plays a role. The minutes show that the Chief's remarks were in the nature of a digression from a discussion of Borough business. They also supplement the reasonable inference that may be drawn from the petition that there was hostility between the Police Chief and Baravordeh. Because the case was decided on preliminary objections, Council did not file an answer. It might well be, however, that in that particular context the President of Council decided not to take up meeting time to entertain a dispute over the circumstances of a personal misfortune when the Chief's house burned 14 years earlier.

The Court deems Baravordeh's arguments to be patently untenable. The logical extension of Baravordeh's position is that under Section 10.1(a) a resident has a right at a municipal meeting to relate personal gossip or to read from a telephone book. Although the Court agrees that the reference in Section 10.1(a) to "matters of concern" that "may" come before an agency is very broad, it is clearly intended to prescribe some limitation. Baravordeh's interpretation would read that language out of the statute altogether. If possible, all provisions of an act are to be given effect, and none are to be rendered mere surplusage. 1 Pa.C.S. § 1921(a); *Concerned Citizens for Better Schools v. Brownsville Area School Dist.,* 660 A.2d 668 (Pa.Cmwlth.1995). In addition, it is to be presumed that the legislature did not intend a result that is absurd or unreasonable. 1 Pa.C.S. § 1922; *Pelter v. Department of Transportation, Bureau of Driver Licensing,* 663 A.2d 844 (Pa.Cmwlth.1995).

■ In Sections VI and VIII of his brief, Baravordeh contends that the trial court erred in concluding that the Council President's action did not constitute a "determination" under Pa. R.A.P. 102. To the extent that the trial court was misled by Baravordeh's incorrect pleading of his case, *see* n2 above, this Court agrees. The Sunshine Act codifies a right to speak and provides for the enforcement of rights. Denial of the right to speak can give rise to a cause of action in a proper case. This error was harmless, however, because the trial court also correctly decided that Baravordeh had failed to plead facts sufficient to make out a cause of action under the Sunshine Act.

■ Baravordeh also asserts that Section 10 of the Sunshine Act requires that any limitation upon the exercise of the right to speak at a meeting must be exercised by an agency through "official action," which is defined in Section 3, 65 P.S. § 273, to include "[t]he vote taken by any agency on any motion, proposal, resolution, rule, regulation, ordinance, report or order," rather than by the President acting alone. He notes further that Section 1006(3) of The Borough Code, Act of February 1, 1966, P.L. (1965) 1656, *as amended,* 53 P.S. § 46006(3), provides in part

that other than legislative powers "shall be exercised by a vote of the majority of council present at a meeting, unless otherwise provided." From these provisions he concludes that the President lacked authority to impose any standard limiting subject matter at a meeting.

First, the Court notes that Section 10 actually states: "Nothing in this act shall prohibit the agency from adopting, by official action, the rules and regulations necessary for the conduct of its meetings and the maintenance of order." Paragraphs 22, 25 and 27 of the petition for review asserted that members of the respondent Council attended the meeting and intentionally allowed Council to impose a "current business" limitation on comments. In his memorandum of law to the trial court, Baravordeh averred for the first time that Council had adopted *no rules or regulations* pursuant to Section 10 of the Sunshine Act giving the President the authority to impose a subject matter limitation on comments. Apart from this averment, there is nothing in the record to suggest that Council has not adopted rules of procedure.

In addition, Section 1006(3) of The Borough Code also provides: "Routine, ministerial or administrative purchases and powers may be made and exercised by officers or committees, if authority therefor was previously given, or if the action is subsequently ratified by Council." The averments of the petition for review, with supplementation from the minutes, indicate that no member of Council challenged the President's authority to prevent Baravordeh from speaking about the circumstances under which the Police Chief's house burned 14 years earlier, nor did any member of Council express disagreement with the ruling.

The remainder of Baravordeh's contentions restate arguments concerning whether the matter was an appealable determination or whether the trial court considered outside averments of fact, which have been disposed of already. Because the Court finds no merit to Baravordeh's procedural arguments for dismissal of Council's preliminary objections or to his arguments that the trial court erred in its interpretation of the Sunshine Act, the order of the trial court is affirmed.

## ORDER

AND NOW, this 7th day of January, 1998, the order of the Court of Common Pleas of Delaware County is affirmed.

FRIEDMAN, Judge, concurring.

I concur with the result reached by the majority; however, I write separately because I wish to note my disagreement with the assertion made by the Borough Council of Prospect Park (Council) that its action merely prevented Baravordeh from speaking on a matter that was fourteen years old and, thus, was not "current business."

In his Petition for Review (Petition), Baravordeh maintains that, at the August 8, 1995 meeting, Police Chief Ronald Mills made intentionally misleading comments to Council about an incident that occurred fourteen years earlier. At the September 12, 1995 meeting, Baravordeh attempted to speak about the alleged misrepresentations that Chief Mills made at the prior month's meeting. Thus, the subject matter of Baravordeh's comments was *not* fourteen years old; Chief Mills' conduct had occurred only one month previously. Indeed, I fail to see how Baravordeh's comments were not "current business" when Council permitted Chief Mills to address the fourteen-year-old matter in August and also allowed Chief Mills to rebut Baravordeh's attempt to speak about it at the September meeting.

However, I agree with the majority that Baravordeh disregarded Pa.R.C.P. No. 1019(a) when he framed his Petition by failing to state with specificity the material facts upon which he based his cause of action. As the majority stated, "Baravordeh knew what the Police Chief said, why he thought it was misleading and what statements or other materials he wished to present at the second Council meeting; nevertheless, he chose not to plead these crucial allegations." (Majority op. at 366.) Because Baravordeh failed to plead facts sufficient to set forth a cause of action under section 10.1 of the Sunshine Act,[1] I agree that the Council's preliminary objections to Baravordeh's Petition were properly sustained, and I would affirm on this basis.

---

1. Act of July 3, 1986, P.L. 388, added by the Act of June 15, 1993, P.L. 95, 65 P.S. § 280.1.