**Roger J. KARNES, Petitioner**

v.

**ATTORNEY GENERAL OF PENNA. Penna. State Police (D.N.A.), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted Jan. 12, 2007.

Decided April 19, 2007.

Roger J. Karnes, petitioner, pro se.

Michael L. Harvey, Sr. Deputy Attorney General and Susan J. Forney, Chief Deputy Attorney General, Harrisburg, for respondents.

BEFORE: SMITH–RIBNER, Judge, FRIEDMAN, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge SMITH–RIBNER.

■ Respondents Attorney General of Pennsylvania and the Pennsylvania State Police (Respondents)[1] filed preliminary objections seeking dismissal of the petition for review filed by Roger J. Karnes (Petitioner) because it fails to state a claim upon which relief may be granted.[2] Petitioner is an inmate at SCI–Houtzdale, where he provided a DNA sample and his fingerprints at the end of 2002 or the beginning of 2003 pursuant to the Act of June 19, 2002, P.L. 394 (Act 57), which amended provisions of the Judicial Code, 42 Pa.C.S. §§ 101–9812.[3] Petitioner seeks expungement of his DNA and fingerprint records retained pursuant to Act 57 because the act was declared unconstitutional by this Court in *Deweese v. Weaver*, 880 A.2d 54 (Pa.Cmwlth.2005), *aff'd sub nom. Deweese v. Cortes*, 588 Pa. 738, 906 A.2d 1193 (2006). The issue presented is whether the constitutional violation that occurred in the enactment of Act 57 requires the destruction of Petitioner's DNA and fingerprint samples.

Petitioner avers in his petition for review that during the end of 2002 or in the beginning of 2003 he provided DNA and fingerprint samples pursuant to Act 57 while either serving a sentence or awaiting sentencing for parole violations. Respondents filed preliminary objections with an application/order for stay as a result of an appeal of this Court's ruling in *Deweese v. Weaver*, 880 A.2d 54 (Pa.Cmwlth.2005), to the Pennsylvania Supreme Court, which affirmed this Court's decision that Act 57 was unconstitutional. *See Deweese v. Cortes*. Petitioner and Respondents submitted their briefs in the aftermath of that decision.

Petitioner argues that he should be granted relief because Act 57 was declared unconstitutional and void after he provided DNA and fingerprints samples pursuant to that law. He contends that if the appropriate appellate court has not clarified this Court's *Deweese v. Weaver* decision regarding the constitutional violation, then the issue of the validity of Act 57 is still open for appellate review, and as a result he continues to incur legal expenses. Petitioner alternatively has requested the Court to require Respondents to pay all legal expenses that Petitioner incurred in pursuing this matter.

Respondents argue that neither this Court's decision nor the Supreme Court's decision in *Deweese v. Cortes* requires destruction of DNA and fingerprint samples because ruling Act 57 to be invalid rendered the DNA Act operative. That act was not repealed until it was amended by

1. Respondent Attorney General of Pennsylvania has pled that he is not a proper respondent in this case. *See* Respondents' preliminary objections ¶ 10. Respondents did not brief this issue, and the Court need not address it for purposes of disposing of the present matter.

2. Petitioner filed a petition for expungement of his DNA and fingerprint records and an application to proceed *in forma pauperis* on December 8, 2005. The petition was treated as a petition for review addressed to the Court's original jurisdiction pursuant to Section 761(a)(1) of the Judicial Code, *as amended*, 42 Pa.C.S. § 761(a)(1).

3. The portion of Act 57 at issue purported to repeal and codify and amend the DNA Detection of Sexual and Violent Offenders Act (DNA Act), Act of May 28, 1995, Special Sess. No. 1, P.L. 1009, 35 P.S. §§ 7651.101–7651.1102. Act 57 purported to continue provisions of the DNA Act in Sections 4701–4741 of the Judicial Code, 42 Pa.C.S. §§ 4701–4741.

the Act of November 30, 2004, P.L. 1428,[4] thereby authorizing the DNA testing of Petitioner in 2002 and in 2003. Respondents maintain that even if this Court's decision in *DeWeese v. Weaver* at 880 A.2d 54 rendered DNA extraction questionable while the constitutionality of Act 57 was being litigated, Petitioner must provide a DNA sample under current law, and obtaining new samples is an unnecessary expense.

 In ruling upon preliminary objections in the nature of a demurrer, the Court must accept as true all well-pled facts and all reasonable inferences therefrom, and it must determine whether the facts pled are legally sufficient to permit the action to continue. *Altoona Housing Authority v. City of Altoona*, 785 A.2d 1047 (Pa.Cmwlth.2001). For the Court to sustain preliminary objections, it must appear with certainty that the law will permit no recovery, and all doubt must be resolved in favor of refusing to sustain the objections. *Id.*; *Baravordeh v. Borough Council of Prospect Park*, 706 A.2d 362 (Pa.Cmwlth.1998).

In this Court's *Deweese v. Weaver* decision at 880 A.2d 54, it held that the enactment of Act 57 violated Article 3, Section 3 of the Constitution because the legislation contained *multiple subject matters which* bore no "proper relation" to each other and the codification exception in Article 3, Section 3 was not applicable.[5] *Id.*, 880 A.2d at 62. In the Court's earlier decision in *DeWeese v. Weaver*, 824 A.2d 364, 369 (Pa.Cmwlth.2003), it observed that the challenge to Act 57 was "not to the substance of the law but to the procedure by which it was enacted...." As such, the Court did not invalidate Act 57 because the state's DNA testing of its prison population was categorically or *per se* unconstitutional nor did it hold that actions under Act 57 were nullified. Therefore, Petitioner's DNA and fingerprint samples were not invalidated merely because Act 57 was held invalid.

Because it was declared unconstitutional, Act 57 never had any effect on the law that it sought to repeal, namely, the DNA Act. *See Mazurek v. Farmers' Mutual Fire Ins. Co. of Jamestown*, 320 Pa. 33, 181 A. 570 (1935). The DNA Act was upheld in *Dial v. Vaughn*, 733 A.2d 1 (Pa.Cmwlth.1999), and was in effect when Petitioner provided the DNA and fingerprint samples. The DNA Act authorized a statewide process for DNA identification of persons convicted of felony sex offenses and certain enumerated violent crimes, Section 306, 35 P.S. § 7651.306, and it provided authority for Petitioner's testing. The Court therefore sustains Respondents' preliminary objections because destruction of Petitioner's DNA and fingerprint samples is not required. In view of its holding, the Court need not address remaining arguments or Petitioner's request for legal expenses.

### ORDER

AND NOW, this 19th day of April, 2007, the preliminary objections filed by Respondents Attorney General of Pennsylvania and Pennsylvania State Police are sus-

---

4. Section 1 of the Act of November 30, 2004, P.L. 1428, repealed former Sections 4701 through 4741 of the Judicial Code and moved their provisions to Chapter 23 of Title 44 of the Pennsylvania Consolidated Statutes, 44 Pa.C.S. §§ 2301–2336, effective January 31, 2005.

5. Article 3, Section 3 of the Pennsylvania Constitution provides:

No bill shall be passed containing more than one subject, which shall be clearly expressed in its title, except a general appropriation bill or a bill codifying or compiling the law or a part thereof.

tained, and the petition for review is dismissed.