# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert B. Sklaroff, M.D.,        :
            Appellant       :
                              :
            v.                 :    No. 2134 C.D. 2016
                              :    SUBMITTED: July 21, 2017
Abington School District, Raymond   :
McGarry, Michelle R. Tinsman, Susan   :
D. Arnhold, Daniel Sean Kaye, Marsha   :
J. Levell, Tracy Panella, Adam M.       :
Share, Joshua Stein, Barry J. Stupine    :

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
                  HONORABLE PATRICIA A. McCULLOUGH, Judge
                  HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                   **FILED: October 16, 2017**

Appellant, Robert B. Sklaroff, M.D., acting *pro se*, appeals from an order of the Court of Common Pleas of Montgomery County (trial court) sustaining the preliminary objections of Abington School District and its School Board (collectively, Abington) and dismissing his second amended complaint with prejudice. We affirm.

In May 2016, Appellant initiated an action in the trial court alleging that he was improperly denied sufficient time to speak at the Board's May 2016 meeting. In his subsequent two-count complaint at issue, Appellant alleged that the board president violated the Sunshine Act (Act)[1] by failing to provide him with an

---

[1] 65 Pa. C.S. §§ 701 - 716.

opportunity to speak for twenty minutes on two key issues pertaining to school affairs: (1) adding a semester of mandated Social Studies during twelfth grade; and (2) developing a curriculum addressing "Holocaust, Genocide and Human rights Violations." June 9, 2016, Second Amended Complaint, ¶¶ 23 and 43; Supplemental Reproduced Record (S.R.R.) at 79b and 83b. He alleged that the board members violated the Act by failing to ensure compliance therewith. *Id*., ¶ 46; S.R.R. at 84b.

Regarding his time allotment, Appellant alleged that, during the citizen comment segment of the May 2016 meeting, he "rose and (as had also occurred during the prior month's meeting) was erroneously told he had only three minutes to speak." *Id*., ¶ 21; S.R.R. at 79b. Approximately six minutes elapsed, however, before the board president stopped him from speaking. In any event, Appellant emphasized that no one else rose to speak or expressed a desire to speak on any issue. *Id*., ¶ 26; S.R.R. at 80b.

In support of his allegations that he should have been afforded more time, Appellant included sections from the Board's policy statement regarding procedures for board meetings and the time limit for citizen comments.[2] In the

---

[2] The quoted segment provides:

> Agenda - In the transaction of business, the following order shall be observed:
>
> . . .
>
> g. Comments from Citizens (a 40-minute limit on this item with approximately 20 minutes for comments on the agenda and 20 minutes for comments on any matter regarding school affairs with allocations established at the discretion of the President).
>
> . . .
>
> l. Comments of Citizens on Matters Regarding School Affairs, excluding personnel (a 20-minute time limit on this agenda item. A citizen will be recognized once and each citizen's comments will be limited to three minutes, except at the discretion of the President).
>
> . . .

respective prayers for relief, he requested fines not exceeding $100, plus the costs of prosecution as set forth in Section 714 of the Act, 65 Pa. C.S. § 714.

In its preliminary objections in the nature of a demurrer, Abington alleged a failure to state a cause of action in that the Act contains no requirement that any particular person be afforded a specific amount of time to speak at a school board meeting. In addition, it alleged that Appellant did not aver that the topics that he wished to address were on the Board's May 2016 agenda for deliberation or vote or were expected to come before it at any time in the foreseeable future. June 8, 2016, Preliminary Objections, ¶ 10; S.R.R. at 54b. The trial court sustained the preliminary objections and dismissed the complaint without prejudice, concluding that it did not meet Pennsylvania's pleading standards for obtaining the relief sought: imposition of fines against Abington for alleged violations of the Act.

Subsequent to Appellant's appeal, Abington filed an application to quash Appellant's appeal therein alleging that the trial court's order was not a final order subject to appeal. *See, e.g., Mier v. Stewart*, 683 A.2d 930 (Pa. Super. 1996) (holding that, generally, an order sustaining preliminary objections without prejudice is not a final order for appeal purposes). After granting the application in May 2017, we subsequently reinstated the above appeal in June 2017 based on Appellant's provision of a copy of the trial court's docket entries indicating entry of

---

15. If any member is aggrieved by a decision of the chair, the member shall have the privilege to appeal to the Board and the vote on such appeal shall be taken without debate.

June 9, 2016, Second Amended Complaint, ¶ 7; S.R.R. at 76b (emphasis in original).

3

a praecipe to dismiss with prejudice. With a final order in place, we turn to Appellant's appeal.[3]

By including language from the "public participation" provision of the Act in his complaint, Appellant implicitly averred that Abington violated that provision. In pertinent part, it provides: "[T]he board . . . of a political subdivision . . . shall provide a reasonable opportunity at each advertised regular meeting . . . to comment on matters of concern, official action or deliberation which are or may be before the board . . . prior to taking official action." Section 710.1(a) of the Act, 65 Pa. C.S. § 710.1(a). In that vein, Appellant pled:

> 24. Plaintiff viewed both issues as being "matters of concern, official action and/or deliberation which had been and are anticipated to be before the board prior to taking official action" but, because the Administration was not updating Plaintiff [and, indeed, was also refusing to schedule any type of follow-up meeting or dialogue], it was not possible to discern when such action might occur.

June 9, 2016, Second Amended Complaint, ¶ 24; S.R.R. at 80b. Mindful of the foregoing, we turn to Appellant's arguments in support of his position that he stated material facts legally sufficient to state a claim for relief under the Act.

Appellant argues that he stated a claim for relief because Abington's alleged violation of its policy statement limiting citizen comments was tantamount to a violation of the Act. As he stated: "[Abington's] local Agenda-rules, promulgated for explicit application during Board meetings, function consequent to

_____

[3] Our standard of review is plenary as the appellate court considering whether preliminary objections in the nature of a demurrer were properly sustained. *Mazur v. Trinity Area Sch. Dist.*, 961 A.2d 96, 101 (Pa. 2008). We may affirm a grant of preliminary objections only when, based on the facts pled, it is clear and free from doubt that the plaintiff will be unable to prove facts legally sufficient to establish a right to relief. *Id.* For purposes of evaluating the legal sufficiency of the challenged pleading, we must accept as true all well-pled, material and relevant facts alleged in the complaint and every inference that is fairly deducible from those facts. *Id.*

4

the Sunshine Law, the statutory remedies of which are explicitly applicable because [Abington's] local Agenda-rules have been admittedly violated." Appellant's Brief at 22. Appellant's position is without merit.

Appellant's statement regarding the interplay between the Act and the policy statement is a legal conclusion that will not be deemed admitted. *Baravordeh v. Borough Council of Prospect Park*, 706 A.2d 362, 366-67 (Pa. Cmwlth. 1998). Moreover, even if it were true that the Board violated its own policy statement, which cannot necessarily be inferred from the facts pled, such a conclusion would not state a cause of action for violation of the Act. As the trial court noted, this Court in *Baravordeh* held that, although the denial of a right to speak before a board at an advertised regular meeting may give rise to a cause of action under the Act, limiting comments is not violative thereof as long as a person is afforded a reasonable opportunity to comment on matters of concern. *Id*. at 366. *See also Alekseev v. City Council of the City of Phila.*, 976 A.2d 1253, 1257 (Pa. Cmwlth. 2009), *rev'd on other grounds*, 8 A.3d 311 (Pa. 2010), (holding that, imposing subject-matter limitations on public comments is patently reasonable and in no way violates the Act).

Here, Appellant pled that he was afforded approximately six minutes to speak on topics that he averred were neither on the agenda nor anticipated to be thereon in the near future. In that regard, he alleged in great detail why the Board should consider these topics and why he was frustrated by its failure to do so.[4] Accordingly, there is no indication under the facts as pled that the "public participation" provision of the Act, which prescribes only a reasonable opportunity

---

[4] To the extent that Appellant concentrates on the alleged deficits in Abington's curriculum, his focus is misplaced. The focus here is necessarily on whether he pled facts sufficient to establish a right to relief under the Act, not whether Abington should consider revising its curriculum.

to comment, was violated. *See also* Section 710 of the Act, providing, in relevant part: "Nothing in this chapter shall prohibit the agency from adopting by official action the rules and regulations necessary for the conduct of its meetings and the maintenance of order." 65 Pa. C.S. § 710.

Appellant also maintains that he pled facts sufficient to establish a claim for relief under the Act because he viewed the issues that he wished to discuss as falling within Section 710.1(a) of the Act, which he averred in the above-quoted paragraph 24 of his complaint. This averment, however, constitutes a legal conclusion and/or an expression of opinion, which will not be deemed admitted. *Baravordeh*, 706 A.2d at 366. Accordingly, the facts as pled are not legally sufficient to establish a right to relief under a statutory provision providing only that a person be provided a reasonable opportunity at each advertised regular meeting to comment on matters of concern, official action or deliberation which are or may be before the board.

For the above reasons, we affirm.

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert B. Sklaroff, M.D., : 
                Appellant : 
                : 
           v. :    No. 2134 C.D. 2016 
                : 
Abington School District, Raymond : 
McGarry, Michelle R. Tinsman, Susan : 
D. Arnhold, Daniel Sean Kaye, Marsha : 
J. Levell, Tracy Panella, Adam M. : 
Share, Joshua Stein, Barry J. Stupine : 

# **O R D E R**

AND NOW, this 16th day of October, 2017, the order of the Court of Common Pleas of Montgomery County is hereby AFFIRMED.

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge